**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Select Comfort Retail Corporation |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | DBA Sleep Number |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 41-1749757 |
| 4. | **Debtor's address** | **Principal place of business**<br>1001 3rd Avenue South<br>Number Street<br><br>Minneapolis MN 55404<br>City State ZIP Code<br><br>Hennepin<br>County<br><br>**Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State ZIP Code |
| 5. | **Debtor's website** (URL) | www.sleepnumber.com |

Debtor Select Comfort Retail Corporation Case number (*if known*) ____________
Name

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ____________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 4 9 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District ____________ When ____________ (MM / DD / YYYY) Case number ____________

  District ____________ When ____________ (MM / DD / YYYY) Case number ____________

Debtor Select Comfort Retail Corporation Case number (if known)________________
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☑ Yes. Debtor See attached Schedule 1 Relationship Affiliated Entity
  District Southern District of New York When Date hereof (MM / DD / YYYY)
  Case number, if known ________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ________________
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other ________________

**Where is the property?**________________
Number Street
________________
________________ City ______ State ______ ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency ________________
  Contact name ________________
  Phone ________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (Consolidated)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor Select Comfort Retail Corporation
Name

Case number (if known)

**15. Estimated assets (Consolidated)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☑ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (Consolidated)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/12/2026
MM / DD / YYYY

✘ /s/ Amy O'Keefe
Signature of authorized representative of debtor

Amy O'Keefe
Printed name

Title Authorized Signatory

**18. Signature of attorney**

✘ /s/ Brian M. Resnick
Signature of attorney for debtor

Date 06/12/2026
MM / DD / YYYY

Brian M. Resnick
Printed name

Davis Polk & Wardwell LLP
Firm name

450 Lexington Avenue
Number Street

New York NY 10017
City State ZIP Code

(212) 450-4000
Contact phone

brian.resnick@davispolk.com
Email address

2661445 NY
Bar number State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SELECT COMFORT RETAIL CORPORATION,** | **Case No. 26- __ (_)** |
| **Debtor.** | |

## SCHEDULE 1 TO PETITION

### Pending Bankruptcy Cases filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Sleep Number Corporation.

Sleep Number Corporation
Select Comfort Retail Corporation
Select Comfort Canada Holding Inc.
Select Comfort SC LLC
Sleep Number Health Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SELECT COMFORT RETAIL CORPORATION,** | **Case No. 26- __ (_)** |
| **Debtor.** | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Sleep Number Corporation (the "**Debtor**") and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the chapter 11 cases. The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Sleep Number Corporation, is owned in its entirety by its direct parent Sleep Number Corporation.

2. The following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the equity interests in Sleep Number Corporation:

| Shareholder | Approximate Percentage of Shares |
|---|---|
| Pacific Ridge Capital Partners, LLC | 10.9% |

[1] The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

# Exhibit A

## Corporate Structure Chart

# Sleep Number Corporation

Organizational Chart

Key

**Flags**

MN Minnesota

**Shapes**

Debtor

Ownership is 100% unless otherwise stated. Certain entities in which Sleep Number Corporation owns less than a 20% interest have been omitted.



| Fill in this information to identify the case: |
|---|
| Debtor name: Sleep Number Corporation |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number (If known):__________ |

❑ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LEGGETT & PLATT INC<br>Attn.: Tyson Hagale<br>PO BOX 757<br>Carthage, MO 64836 | Attn.: Tyson Hagale<br>Phone: (417) 540-4396<br>Email: tyson.hagale@leggett.com | Trade Payables | | | | $ 10,207,094 |
| 2 | HORIZON MEDIA, INC.<br>Attn.: Nancy Blucher<br>75 VARICK STREET - 16TH FLOOR<br>New York, NY 10013 | Attn.: Nancy Blucher<br>Phone: (347) 665-6474<br>Email: nblucher@horizonmedia.com | Trade Payables | | | | $ 7,366,688 |
| 3 | ELITE COMFORT SOLUTIONS LLC<br>Attn.: Tyson Hagale<br>1545 DEBORAH HERMAN RD<br>Conover, NC 28613 | Attn.: Tyson Hagale<br>Phone: (417) 540-4396<br>Email: tyson.hagale@leggett.com | Trade Payables | | | | $ 6,173,420 |
| 4 | Flextronics International Europe BV<br>Attn.: Dennis Kirkpatrick<br>NOBELSTRAAT 10-14<br>OOSTRUM, 5807 GA | Attn.: Dennis Kirkpatrick<br>Phone: (512) 468-7736<br>Email: dennis.kirkpatrick@flex.com | Trade Payables | | | | $ 6,042,430 |
| 5 | Gumotex<br>Attn.: František Řezáč<br>MLADEZNICKA 3062/3A<br>BRECLAV, 690.02 | Attn.: František Řezáč<br>Phone: +420 062 741 159<br>Email: frantisek.rezac@gumotex.cz | Trade Payables | | | | $ 3,791,093 |
| 6 | NFL VENTURES LLP<br>Attn.: Susan Hamlin<br>1 SABOL WAY<br>Mt Laurel, NJ 08054 | Attn.: Susan Hamlin<br>Phone: (404) 694-5445<br>Email: susan.hamlin@nfl.com | Trade Payables | | | | $ 2,622,500 |
| 7 | PCI Private Ltd<br>Attn.: Thomas Handojo<br>35 PIONEER RD NO<br>SINGAPORE, 628475 | Attn.: Thomas Handojo<br>Phone: +65 9815 0612<br>Email: thomas.handojo@pciltd.com.sg | Trade Payables | | | | $ 2,546,207 |
| 8 | ERGOMOTION INC<br>Attn.: Gui Perez<br>PO BOX 8330<br>Goleta, CA 93118 | Attn.: Gui Perez<br>Phone: (805) 708-2379<br>Email: gp@ergomotion.com | Trade Payables | | | | $ 2,532,119 |
| 9 | HOMTEX, INC<br>Attn.: Jeremy Wootten<br>15295 US HIGHWAY 157<br>Vinemont, AL 35179 | Attn.: Jeremy Wootten<br>Phone: (256) 426-2624<br>Email: jeremy.wootten@homtex.com | Trade Payables | | | | $ 2,530,107 |
| 10 | Electropedic Manufacturing Corporation<br>Attn.: Philip Kraus<br>637 4TH STREET<br>San Fernando, CA 91340 | Attn.: Philip Kraus<br>Phone: (516) 717-0243<br>Email: EMCPSK@msn.com | Trade Payables | | | | $ 2,409,553 |
| 11 | DIVERSE LOGISTICS AND DISTRIBUTION LLC<br>Attn.: Victor Mraz<br>4763 OAK FAIR BLVD<br>Tampa, FL 33610 | Attn.: Victor Mraz<br>Phone: (239) 691-2914<br>Email: vmraz@diverselogistics.com | Trade Payables | | | | $ 2,213,307 |
| 12 | MICROSOFT CORP<br>Attn.: Scott Sahli<br>1950 N STEMMONS FWY STE 5010<br>Dallas, TX 75207 | Attn.: Scott Sahli<br>Phone: 952.250.4866<br>Email: scsahli@microsoft.com | Trade Payables | | | | $ 1,966,501 |
| 13 | EAST ROCK LIMITED<br>Attn.: Wang Jue (Tiger) 王决<br>ROOM 1538 BLDG C FOCUS SQUARE NO. 6, FU TONG DONG DA JIE, WANG JING<br>CHAOYANG DISTRICT, 11 100102 | Attn.: Wang Jue (Tiger) 王决<br>Phone: +86 13801396339<br>Email: wangjue@eastrock.cc | Trade Payables | | | | $ 1,564,370 |
| 14 | Meta Platform Inc<br>Attn.: Shannon Ryan<br>1601 WILLOW RD<br>Menlo Park, CA 94025 | Attn.: Shannon Ryan<br>Phone: (650) 788-0770<br>Email: shannonryan@meta.com | Trade Payables | | | | $ 1,472,088 |
| 15 | MICROSOFT ONLINE INC<br>Attn.: Lance Wilson<br>PO BOX 847543<br>Dallas, TX 75284-7543 | Attn.: Lance Wilson<br>Phone: (303) 601-5008<br>Email: lancew@microsoft.com | Trade Payables | | | | $ 1,226,485 |
| 16 | INFOSYS BPM LTD<br>Attn.: Dilip Kumar<br>STE 700 CUMBERLAND CENTER IV<br>Atlanta, GA 30339 | Attn.: Dilip Kumar<br>Phone: (469) 970-0526<br>Email: dilip_kumar@infosys.com | Trade Payables | | | | $ 1,034,328 |
| 17 | FUTURE TEXTILES INC<br>Attn.: Henry Wang<br>178 RIDGE ROAD STE A<br>Dayton, NJ 08810 | Attn.: Henry Wang<br>Phone: (609) 375-6195<br>Email: henry@designweave.us | Trade Payables | | | | $ 1,021,409 |
| 18 | SPRINGS CREATIVE PRODUCTS GRP<br>Attn.: George Booth<br>300 CHATHAM AVE STE 100<br>Rock Hill, SC 29730 | Attn.: George Booth<br>Phone: (803) 517-1642<br>Email: george.booth@Springscreative.com | Trade Payables | | | | $ 993,587 |
| 19 | Federal Express Corp<br>Attn.: Deb Hanson<br>PO BOX 223125<br>Pittsburgh, PA 15251-2125 | Attn.: Deb Hanson<br>Phone: (651) 202-8742<br>Email: Deb.hanson@fedex.com | Trade Payables | | | | $ 969,401 |
| 20 | Carpenter Co.<br>Attn.: Michael Faus<br>ATTN TAMMY MAYES<br>Richmond, VA 23234 | Attn.: Michael Faus<br>Phone: (951) 704-0576<br>Email: michael.faus@carpenter.com | Trade Payables | | | | $ 951,735 |
| 21 | TCA LOGISTICS CORP<br>Attn.: Victor Mraz<br>102 LAUMAN LN<br>Hicksville, NY 11801 | Attn.: Victor Mraz<br>Phone: (239) 691-2914<br>Email: vmraz@diverselogistics.com | Trade Payables | | | | $ 913,690 |
| 22 | FISH & RICHARDSON PC<br>Attn.: Svetla Nikolova<br>225 FRANKLIN STREET<br>Boston, MA 2110 | Attn.: Svetla Nikolova<br>Phone: +49 162 5900598<br>Email: nikolova@fr.com | Trade Payables | | | | $ 882,170 |
| 23 | SHI INTERNATIONAL CORP<br>Attn.: Jeff Wilkins<br>290 DAVIDSON AVE<br>Somerset, NJ 8873 | Attn.: Jeff Wilkins<br>Phone: (651) 788-6500<br>Email: Jeff_Wilkins@SHI.com | Trade Payables | | | | $ 702,293 |

**Fill in this information to identify the case:**

**Debtor name:** Sleep Number Corporation

**United States Bankruptcy Court for the:** Southern District of New York

**Case number (If known):**__________

❑ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **24** | Bernhardt Furniture Company<br>Attn.: Alex Bernhardt<br>12197 COLLECTIONS CENTER DRIVE<br>Chicago, IL 60693 | Attn.: Alex Bernhardt<br>Phone: (704) 905-3733<br>Email: alexbernhardtjr@bernhardt.com | Trade Payables | | | | $ 672,251 |
| **25** | FUTURE FOAM, INC<br>Attn.: Mike Schweiger<br>1610 AVENUE "N"<br>COUNCIL BLUFF, IA 51501-1071 | Attn.: Mike Schweiger<br>Phone: (262) 203-2726<br>Email: mschweiger@futurefoam.com | Trade Payables | | | | $ 658,506 |
| **26** | BRISKHEAT CORP<br>Attn.: Tony Multon<br>4800 HILTON CORP DR<br>Columbus, OH 43232 | Attn.: Tony Multon<br>Phone: (614) 531-9479<br>Email: tmulton@briskheat.com | Trade Payables | | | | $ 651,971 |
| **27** | CULP HOME FASHIONS<br>Attn.: Iv Culp<br>PO BOX 751007<br>Charlotte, NC 28275 | Attn.: Iv Culp<br>Phone: (336) 456-0790<br>Email: IVCulp@culp.com | Trade Payables | | | | $ 612,851 |
| **28** | BAY AND BAY TRANSPORTATION SERVICES INC<br>Attn.: Kristin Pulte<br>PO BOX 74008069<br>Chicago, IL 60674-8069 | Attn.: Kristin Pulte<br>Phone: (952) 221-9884<br>Email: kpulte@bayandbay.com | Trade Payables | | | | $ 598,929 |
| **29** | SEGERDAHL CORP<br>Attn.: Doug Fuller<br>1351 S. WHEELING ROAD<br>WHEELING, IL 60090 | Attn.: Doug Fuller<br>Phone: (612) 590-8551<br>Email: dfuller@sg360.com | Trade Payables | | | | $ 561,824 |
| **30** | SERVICENOW INC<br>Attn.: Kent Corness<br>2225 LAWSON LN<br>STA CLARA, CA 95054 | Attn.: Kent Corness<br>Phone: (720) 262-1009<br>Email: kent.corness@servicenow.com | Trade Payables | | | | $ 528,168 |

**OMNIBUS ACTION BY UNANIMOUS WRITTEN CONSENT OF
THE GOVERNING BODIES
OF THE ENTITIES LISTED ON ANNEX I HERETO**

**JUNE 12, 2026**

The undersigned, being (i) all of the members of the board of directors or (ii) the sole member, as the case may be (as applicable, the "**Governing Body**" and collectively, the "**Governing Bodies**"), of each of the companies listed on Annex I hereto (each, an "**Entity**" and, collectively, the "**Entities**"), hereby unanimously consent to and adopt the resolutions set forth below pursuant to the Minnesota Business Corporation Act and the Minnesota Revised Uniform Limited Liability Company Act or other applicable law as the actions of the Governing Bodies in lieu of a meeting and hereby direct that this written consent (the "**Consent**") be delivered to the officer of each Entity having custody of the book in which actions of each Governing Body are recorded.

**WHEREAS**, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Entities regarding the liabilities and liquidity of each Entity and all of the Entities as a whole, the strategic alternatives available, and the impact of the foregoing on the Entities' businesses;

**WHEREAS**, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors of the Entities to fully consider each of the strategic alternatives available to the Entities;

**WHEREAS**, the Governing Bodies have received, reviewed and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, the Governing Bodies have determined that it is desirable and in the best interests of the Entities to commence the Chapter 11 Case (as defined below);

**WHEREAS**, the Governing Bodies have reviewed with the management and the legal and financial advisors of the Entities the resolutions set forth below; and

**WHEREAS,** the Governing Bodies (i) have determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of the Entities and their stakeholders and, therefore, have (ii) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

**I. Designation of Chief Restructuring Officer**

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Bodies, after due consultation with the management and the legal and financial advisors of each Entity, hereby authorize Kent Percy of AP Services, LLC to act as a restructuring representative each Entity (the

“**Chief Restructuring Officer**”) (without further action or notice), effective immediately and automatically (without further action or notice).

**RESOLVED, FURTHER**, the Chief Restructuring Officer (x) shall report directly to the Sleep Number Corporation’s Chief Executive Officer and the Governing Body of each Entity and (y) subject to any approval required by law or as set forth in any further resolution of the Governing Body, shall be the officer of each Entity empowered with the authority, among other things (i) approving and complying with the approved budget, (ii) interacting with and directing each Entity’s professionals with respect to matters within the Chief Restructuring Officer’s scope of authority, and (iii) overseeing of cash management of each Entity; and

**RESOLVED, FURTHER**, each Entity shall provide Mr. Percy with access to all financial and other information of such Entity and their respective employees, officers and directors shall each be empowered to cooperate reasonably and in good faith with Mr. Percy and provide access to all information reasonably requested by Mr. Percy relating to each Entity’s business and financial affairs and their assets and properties, including, without limitation, to the extent reasonably requested, such Entity’s books and records and all information provided to any other existing or potential lender, investor, bidder or acquiror, and to their senior management and professional advisory teams;

**RESOLVED, FURTHER,** that the Company shall pay the Chief Restructuring Officer through an Interim Services Agreement with AP Services, LLC and hereby directs the Company’s Chief Legal and Risk Officer or Chief Financial Officer to execute the Interim Servies Agreement, which, among other things, provides fees for services on an hourly rate card for the CRO and other members of AP Services, LLC and $1,500,000 completion fee upon the (a) sale, transfer or disposition of all or substantial portion of the assets or equity of the Company in one or more transactions, including under section 363 of the Bankruptcy code, (b) consummation of a material recapitalization or debt restructuring of the Company, or (c) the confirmation of a chapter 11 plan; and

**RESOLVED, FURTHER**, that each officer, including the Chief Restructuring Officer, director, or manager of each Entity, (each, an “**Authorized Person**”) shall be, and hereby is, authorized on behalf of each Entity to take any and all actions, to execute and deliver any and all documents, agreements, and instruments, and to take any and all steps deemed by any such Authorized Person to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions, and all actions heretofore taken by any of them in furtherance thereof are hereby ratified and confirmed in all respects.

## II. Commencement of the Chapter 11 Cases

**RESOLVED**, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, together, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**RESOLVED, FURTHER**, that each Authorized Person is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent, and accomplish the purposes, of the resolutions adopted herein; and

**RESOLVED, FURTHER**, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity, to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

## III. Retention of Advisors

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

**RESOLVED, FURTHER**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Guggenheim Securities, LLC, located at 330 Madison Avenue, New York, NY 10017, as investment banker for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

**RESOLVED, FURTHER**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to retain A&G Real Estate

Partners, located at 420 Lexington Ave, New York, NY 10017, as real estate advisors for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

**RESOLVED, FURTHER**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Kroll Restructuring Administration, LLC, located at 1 World Trade Center, 31st Floor, New York, NY 10007, as claims, noticing, solicitation, and administrative agent for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

**RESOLVED, FURTHER**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Entities to retain any other legal counsel, accountants, financial advisor, restructuring advisor, or other professionals as the Authorized Person deems necessary, appropriate, or advisable, to represent and assist the Entities in carrying out their respective duties and responsibilities and exercising their respective rights under the Bankruptcy Code.

**IV. DIP Credit Agreements and Use of Cash Collateral**

**RESOLVED**, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders to (a) enter into (i) that certain Fourteenth Amendment to Amended and Restated Credit and Security Agreement, dated as of the Amendment Effective Date (as defined therein) (the "**Amendment**"), which amends that certain Amended and Restated Credit and Security Agreement dated February 14, 2018 with U.S. Bank National Association, as the administrative agent (the "**Agent**"), and the lenders from time to time party thereto (collectively, the "**Lenders**") (as amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the "**Prepetition Credit Agreement**"; the Prepetition Credit Agreement, as amended by the Amendment, the "**DIP Credit Agreement**") among Sleep Number Corporation, the other Credit Parties (as defined therein) from time to time party thereto (each of the forgoing, as a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code), the lenders party thereto and U.S. Bank National Association, as administrative agent, and (ii) any other documentation relating to the DIP Credit Agreement (including, without limitation, pledge agreements, guarantee agreements, security agreements, intercreditor agreements, control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements, swap agreements, collateral access agreements, acknowledgment letters, payoff letters, fee letters, termination agreements, intellectual property release agreements, control agreement terminations, and other documents under which a security interest in the assets of each Entity is being created and granted to the Agent on behalf of the Lenders, including any amendments thereto), and each other agreement, document, or instrument required thereunder, including any amendments thereto, collectively and together with the DIP Credit Agreement in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof) (collectively, the "**DIP Documents**"), (b) perform the applicable Entity's obligations under the DIP Documents, including payment of the fees and expenses related thereto, and take all actions in accordance therewith that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby, and (c) obtain the benefits from the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy

Code, the "**Cash Collateral**"), which is security for the Entities' prepetition secured lenders under certain credit facilities (including the Prepetition Credit Agreement) by and among the Entities and the lenders party thereto (the "**Prepetition Secured Parties**");

**RESOLVED, FURTHER**, that each Entity is hereby authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, together with the Entities' advisors, to (a) seek interim approval of the DIP Documents and the use of Cash Collateral from the Bankruptcy Court pursuant to an order of the Bankruptcy Court substantially on the terms presented to the Governing Bodies (the "**Initial DIP Order**"), (b) seek final approval of the DIP Documents and the use of Cash Collateral from the Bankruptcy Court pursuant to an order of the Bankruptcy Court substantially on the terms presented to the Governing Bodies (the "**Final DIP Order**" and, together with the Interim DIP Order, the "**DIP Orders**") and (c) take all actions (including negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Orders, including (i) paying any fees and expenses related thereto, (ii) guarantying the obligations of the DIP loan parties under the DIP Documents, (iii) providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, (iv) granting superpriority status, first priority priming liens, junior liens, adequate protection liens, and perfected security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the DIP loan parties under the DIP Documents with such changes therein and additions thereto as any Authorized Person executing the same may, in their absolute discretion, deem necessary or appropriate, the execution of the DIP Documents to be conclusive evidence of the approval thereof, (v) executing and delivering any additional or further agreements, instruments, or documents for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Entities to grant adequate protection and security interests to the Prepetition Secured Parties, with such changes therein and additions thereto as any Authorized Person executing the same may in their absolute discretion deem necessary or appropriate, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, and (vi) consummating the transactions contemplated by the foregoing, including incurring the obligations stated in connection therewith; and

**RESOLVED, FURTHER**, that each Entity is authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, to (a) negotiate and agree to any changes to the DIP Orders and DIP Documents as they believe is appropriate and necessary under the circumstances in their reasonable judgment, (b) execute and deliver any amendments, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreements (including amendments increasing the amount of credit available under the DIP Credit Agreements and/or extending the maturity of the same) and the DIP Documents, (c) cause the Entities to enter into, execute, deliver, certify, file, verify and/or record, and perform under the DIP Documents and such other documents, agreements, instruments, and certificates as may be required by the DIP Orders or the DIP Documents, (d) consummate the transactions contemplated by the DIP Documents, and (e) do such other things that shall, in their absolute discretion, be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## V. Potential Sale Transaction

**RESOLVED**, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders to (a) enter into that certain stalking horse Asset Purchase Agreement (the "**Stalking Horse APA**"), by and among the Sleep Number Corporation and SNBR Inc. (the "**Stalking Horse Bidder**"), for the sale of substantially all of each Entity's assets, pursuant to section 363 of the Bankruptcy Code (the "**Potential Sale Transaction**"), and any other documentation relating to the Stalking Horse APA and each other agreement, document, certificate, or instrument required thereunder, collectively and together with the Stalking Horse APA in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof) (collectively, the "**Sale Documents**"), subject to such modifications thereto as an Authorized Person deems necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transaction as presented to the Governing Bodies, and (b) perform each Entity's obligations under the Sale Documents and take all actions in accordance therewith, in each case subject to the Bankruptcy Court's approval as required, that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby;

**RESOLVED, FURTHER**, that each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, to file a motion with the Bankruptcy Court seeking approval of (a) bidding procedures to facilitate the Potential Sale Transaction and each Entity's ability to attain the highest or otherwise best offer for their assets, (b) the Stalking Horse Bidder as a stalking horse purchaser, (c) the payment of bid protections (*i.e.,* break-up fee and expense reimbursement) to the Stalking Horse Bidder, and (d) a Potential Sale Transaction that the Entities, after due consultation with the management and the legal and financial advisors of the Entities, determine constitutes the highest or otherwise best offer for each Entity's assets;

**RESOLVED FURTHER**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to conduct a further marketing process the bidding procedures as approved by order of the Bankruptcy Court substantially on the terms presented to the Board to identify Potential Sale Transactions with the assistance of the Entities' investment banker and other professional advisors and under the supervision of the Bankruptcy Court; and

**RESOLVED FURTHER**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity to take actions and negotiate and, subject to Bankruptcy Court approval as required, to execute, deliver, perform, and cause the performance of any Sale Document in furtherance of, and necessary to effectuate, a Potential Sale Transaction to which each Entity is or may become party.

## VI. Amendment to Governing Documents

**RESOLVED**, that to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company

agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

## VII. General Authorization and Ratification

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of the Entities, to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the Entities' obligations under the Bankruptcy Code and exercise all rights of the Entities under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Governing Bodies, and the Entities, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

**RESOLVED, FURTHER**, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

**RESOLVED, FURTHER**, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "Controlling Entity"), in each case, of any direct or indirect subsidiary of any Entity (a "Controlled Entity"), each such Authorized Person who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Person is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

**RESOLVED, FURTHER**, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Entities, or hereby waive any right to have received such notice;

**RESOLVED, FURTHER**, that any and all actions taken by any manager, officer or director of or advisor to any Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Entities in all respects and for all purposes;

**RESOLVED, FURTHER**, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person; and

**RESOLVED, FURTHER**, that upon the execution of a counterpart of these consent resolutions by a sufficient number of directors or the sole member, as applicable, to approve the actions taken hereby, a copy of these consent resolutions shall be placed in the records of each Entity as the act of its Governing Body.

[Remainder of page intentionally left blank.]

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date first above written.

By:

Signed by:
Linda Findley
4675BAC94D0240C...

Linda Findley, in each of the Capacities for which she is set forth as a Signatory on Annex I hereto

By:

DocuSigned by:
Sam Hellfeld
405944F214DE4B9...

Samuel Hellfeld, in each of the Capacities for which he is set forth as a Signatory on Annex I hereto

By:

Signed by:
Amy O'Keefe
6B6D8D309591441...

Amy O'Keefe, in each of the Capacities for which she is set forth as a Signatory on Annex I hereto

By:

Signed by:
Colin Adams
C54C513AAC8A42D...

Colin Adams, in each of the Capacities for which he is set forth as a Signatory on Annex I hereto

# ANNEX I

## [LIST OF ENTITIES]

| Company | Governing Body of Company | Signatories for Governing Body | Capacities of Signatories for Governing Body |
|---|---|---|---|
| 1. Select Comfort Retail Corporation | Board of Directors | Linda Findley<br>Samuel Hellfeld<br>Amy O'Keefe<br>Colin Adams | Director<br>Director<br>Director<br>Director |
| 2. Select Comfort SC LLC | Sleep Number Corporation, in its capacity as the Member | Linda Findley | President and Chief Executive Officer of the Member |
| 3. Sleep Number Health Corporation | Board of Directors | Linda Findley<br>Samuel Hellfeld<br>Amy O'Keefe<br>Colin Adams | Director<br>Director<br>Director<br>Director |
| 4. Select Comfort Canada Holding Inc. | Board of Directors | Linda Findley<br>Samuel Hellfeld<br>Amy O'Keefe<br>Colin Adams | Director<br>Director<br>Director<br>Director |

**Fill in this information to identify the case and this filing:**

Debtor Name Select Comfort Retail Corporation

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): ______________________

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/12/2026
MM / DD / YYYY

✘ */s/ Amy O'Keefe*
Signature of individual signing on behalf of debtor

Amy O'Keefe
Printed name

Authorized Signatory
Position or relationship to debtor